# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REPUBLIC TOBACCO, L.P., | ) |
| Plaintiff, | ) |
| v. | ) No. 98 C 4011 |
| NORTH ATLANTIC TRADING COMPANY, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

In an order of November 30, 2004, the Court of Appeals referred the parties to this court for a decision on any "request for costs associated with North Atlantic's supersedeas bond." Defendant North Atlantic Trading Company, Inc. ("North Atlantic") requests the sum of $1,091,054, which it claims was the amount by which the cost of posting security in the amount required by this court exceeded the security it would have had to post for the $3 million judgment ultimately approved by the Court of Appeals. The plaintiff, Republic Tobacco, L.P., ("Republic"), opposes the request on a number of grounds, including a basic argument that because North Atlantic was not the "prevailing party" on the appeal, it is not entitled to any costs in connection with the supersedeas bond. We will begin with an examination of this legal argument.

Republic points out that it, rather than North Atlantic, was the prevailing party on all of the liability issues in the case. The reduction of the damage award, in Republic's view, does not qualify North Atlantic for any recovery of costs.

We think the rules do entitle North Atlantic to the relief it seeks. Federal Rule of Appellate Procedure 39(a)(4) provides:

> [I]f a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

Subparagraph (e)(3) of the Rule provides: "[P]remiums paid for a supersedeas bond or other bond to preserve rights pending appeal" "are taxable in the district court for the benefit of the party entitled to costs under this rule." The combined effect of these provisions is to allow the district court to tax supersedeas costs in favor of a litigant who obtains a partial reversal or modification of the judgment in the form of reduction of damages. It other words, having secured the partial reversal or modification referred to in Rule 39(a)(4), North Atlantic qualifies for the taxation of supersedeas costs referred to in Rule 39(e)(3). Relief is not automatic, but rests in the sound discretion of the district court. A case we regard as instructive is Emmenegger v. Bull Moose Tube Co., 324 F.3d 616 (8th Cir.), cert. denied, 540 U.S. 947 (2003), cited by North Atlantic. In that case, an initial judgment for plaintiff was reversed in part on appeal and remanded for a new trial. The second trial was before a jury, and plaintiff's claims

were different from the first time (state law claims rather than ERISA, which had been held on appeal to be inapplicable). The jury returned a substantially lower verdict than plaintiff had obtained in the first trial. The trial judge awarded the defendant the portion of its supersedeas costs that exceeded those it would have incurred in securing the reduced amount awarded by the jury in the second trial. On a second appeal, the Eighth Circuit noted that this order of the district court would be reviewed for abuse of discretion. See id. at 626. The Court made the following comments about what the district court had done:

> In exercising that discretion, the court pointed out in its order that the Company would not have had to pay for a supersedeas bond in the first instance but for the plaintiffs' pursuit of their claims under the wrong legal theory. The court explained that although the plaintiffs primarily prevailed on remand, the Company's success in appealing the ERISA-based PSP judgment in the first trial resulted in a verdict against the Company in the second trial that was several million dollars less than in the first.

Id. at 627. The Court then concluded that the district court had not abused its discretion. See id. We see no principled distinction between Emmenegger and the present case. Emmenegger stands for the proposition that where defendant is required to post a larger bond than necessary to secure a judgment reduced on appeal, the defendant should be able to recoup the difference in cost. The fact that there were two trials in Emmenegger does not distinguish the case; it is on all fours with this case in the

salient respect that the defendant there was required to incur the cost of security that turned out to be excessive in light of the ultimate result on appeal.

Republic argues that it would be unfair to require it to pay the excess cost of the supersedeas, considering its own costs of prosecution and the fact that so much of its judgment has been taken away by our remittitur and the reduction on appeal. We can see why Republic is disconcerted by what it regards as the final insult, but, considering the positions of both parties, we do not think it would be unjust to tax the excess cost to Republic. The alternative is to let North Atlantic bear the excess cost despite the fact that it has now been determined that the $18 million judgment was excessive by $15 million dollars. We can think of no rational basis for telling North Atlantic that it simply has to absorb the substantial cost of the excess security. Republic, on the other hand, had to know there was a significant chance that the verdict would be reduced on appeal, and the prospect it now faces can come as no surprise. There was considerable argument about the amount of the bond. Republic insisted upon security in the full amount of the judgment even though North Atlantic made clear that the cost would be in the area of $1 million. Republic's own offer to provide a loan to North Atlantic was in that same range. Republic succeeded in persuading us that a bond in the full amount was necessary, and all that has happened now is that it is being

called upon to bear the consequence of that success in accordance with the applicable rules.

There are three time periods involved. Federal Rule of Appellate Procedure 39(a) applies to the supersedeas during the appeal, and Local Rule 54.1(c) applies to the security posted prior to the appeal, covering the periods before and after the remittitur entered by this court. These rules provide ample authority for granting the relief requested by North Atlantic, and we believe justice requires that it be granted.

A final objection raised by Republic is that the costs incurred by North Atlantic were higher than they need have been. We are not persuaded by Republic's argument. We find credible the assertion by North Atlantic's president and chief financial officer, David Brunson, that North Atlantic attempted to obtain a bond from a bonding company or bank, but was unable to do so because it had no unencumbered assets to pledge as collateral. (Declaration of David Brunson in Support of Defendant-Appellant's Motion for Costs, Ex. 3 to Defendants' Motion to Award Costs, ¶ 6.) North Atlantic makes a compelling point when it argues that it had no possible motive to pay more for a supersedeas than was necessary. Just as Republic could not count on an affirmance, neither could North Atlantic be sure of a reversal. Moreover, the cost of the loan that North Atlantic did obtain appears to be no

more than what it would have had to pay to receive the loan offered by Republic.

## Conclusion

For the foregoing reasons, Defendants' Motion to Award North Atlantic Costs for Securing a Judgment in Excess of $3 Million is allowed, and the sum of $1,091,054 is taxed as costs against the plaintiff, Republic Tobacco, L.P., and in favor of the defendants, North Atlantic Trading Company, Inc., North Atlantic Operating Company, Inc. and National Tobacco Company, L.P.


DATE:     August 3, 2005

ENTER:    _____
          John F. Grady, United States District Judge