98-4011.071                                                      June 11, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

REPUBLIC TOBACCO, L.P.,            )
                                   )
       Plaintiff,             )
                                   )
       v.                     )    No. 98 C 4011
                                   )
NORTH ATLANTIC TRADING COMPANY,    )
INC., et al.,                      )
                                   )
       Defendants.            )

**<u>ORDER</u>**

This case has been remanded by the Court of Appeals for a determination of "what percentage of NATC's costs are allocable to the period of time this case was on appeal by evaluating the equitable considerations that may be relevant to that issue." <u>Republic Tobacco Co. v. North Atl. Trading Co., Inc.</u>, 481 F.3d 442, 451 (7th Cir. 2007). The court has considered the briefs filed by the parties and is ready to rule. The history of the case is set forth in the remand opinion as well as in the earlier opinion affirming in part and reversing in part the original judgment in the case, <u>Republic Tobacco Co. v. North Atl. Trading Co.</u>, 381 F.3d 717 (7th Cir. 2004).

NATC obtained a loan to secure the judgment during the entire post-trial period, including the appeal, and paid interest on that loan. This interest expense is one of the two cost items NATC

seeks to recover. The second cost item is a $595,000 finder's fee NATC paid to one of its investors to obtain the loan. In our initial award of costs, we allowed NATC the full amount of the interest on the loan, plus the entire amount of the finder's fee. The Court of Appeals affirmed our finding that these costs were reasonable in amount, see 481 F.3d at 450, but, as noted above, remanded for a determination as to what percentage of those costs are allocable to the period of time the case was on appeal. Id.

## DISCUSSION

Republic would like to revisit the issue of the reasonableness of the interest charges and the finder's fee, but we decline the invitation. Our finding of reasonableness was affirmed, and there is nothing in the language of the remand that suggests we should look at the issue again. Rather, our task is to allocate those costs to the time period of the appeal.

We will deal separately with the interest and the finder's fee.

### The Interest

The dispute as to the interest is when the appeal period started to run and when it ended. NATC argues that the period started on December 14, 2003, based upon an agreement that the parties entered into at that time, whereas Republic argues that the appeal period did not begin until January 9, 2004, the date that the notice of appeal was filed. The Court of Appeals did not


- 3 -

indicate what it regards as the appeal period covered by Federal Rule of Appellate Procedure 39(e), and we have some doubt as to whether it could include any time before the notice of appeal was filed. There can be no doubt, however, that the appeal was in effect as of the date of filing of the notice, and we will therefore regard the "period of time this case was on appeal," 481 F.3d at 451, as having started on January 9, 2004 and having run to and including September 23, 2004, the date the mandate was issued.[1]

### **The Finder's Fee**

NATC argues that it should be awarded the entire $595,000 finder's fee because it was a one-time payment that had to be made in order to secure the loan, which, in turn, provided the security that stayed execution on the judgment during the entire time between entry of the remitted judgment and the end of the appeal. But this argument ignores the clear holding of the Seventh Circuit that the finder's fee must be apportioned. Pursuant to the Seventh Circuit's mandate, only that percentage of the finder's fee that corresponds to the percentage of days represented by the appeal period as a part of the total number of days the supersedeas was in effect is eligible for consideration as an award to NATC.

---

[1] We disagree with Republic's position that the appeal time ended on September 1, 2004, the date of the appellate decision.
   Because the parties differ as to the length of the appeal period, they also differ as to the amount of interest attributable to the period, NATC suggesting $169,204 and Republic $140,745. We will attribute $155,000 to the appeal period.

- 4 -

**<u>Equitable Considerations</u>**

Our assignment on remand is not simply to carve out and award a portion of the costs that corresponds to the time the case was on appeal. We are to make such a calculation, but in the process we are to evaluate "the equitable considerations that may be relevant to that issue." One of the things the Court of Appeals clearly had in mind was that we might "award NATC only a percentage of its appellate costs given that Republic did retain a significant judgment." 481 F.3d at 449. In fact, Republic retained $3 million of the $7.44 million remitted judgment, or about forty percent. NATC lost on most of the issues it raised on appeal.[2] It is impossible to evaluate the monetary consequences of the appeal in percentage terms, because, for one thing, there is no way to put a dollar figure on what NATC might have recovered on its counterclaims had they been reinstated. We note that the Court of Appeals did not suggest that we attempt any apportionment of the appellate costs based on the outcome of the various arguments made by the parties on appeal. It is still relevant to note, however, that more was involved in the appeal than a simple effort by NATC to get the damages reduced. NATC tried to get them eliminated

---

[2/] NATC lost on all of its arguments that it was not liable for defamation, see 381 F.3d at 728-33, its argument that summary judgment should not have been granted against it on its counterclaims, see <u>id.</u> at 736-39, and its arguments that Republic had proved neither general damages, see <u>id.</u> at 733, nor entitlement to any amount of punitive damages, see <u>id.</u> at 735. It won on its arguments that both the general and punitive damages were excessive, see <u>id.</u> at 734, 735-36.

- 5 -

altogether on the basis of a number of arguments that were rejected by the Court. The costs it incurred for the supersedeas during the appellate period are as applicable to those unsuccessful arguments as they are to the one argument that resulted in a sixty percent reduction of the damage award.

In light of the fact that Republic managed to retain forty percent of the remitted judgment, we believe that fairness requires a proportional reduction of the amounts allowed for interest and the portion of the finder's fee allocated to the appellate period of January 9, 2004 to and including September 23, 2004. We believe that a percentage reduction of 40% would be fair, and that is the reduction we will allow Republic.

## CONCLUSION

The supersedeas was in effect for a total of 283 days. (December 14, 2003 through September 23, 2004.) The appeal period was 247 days (January 9, 2004 through September 23, 2004). The cost of the finder's fee per day for the entire period ($595,000 divided by 283 days) was $2,102 per day. Apportioning this cost to the 247-day appeal period, the portion of the finder's fee attributable to the appeal is $519,194.00 ($2,102 dollars x 247 days). As noted, the apportioned interest amount is $155,000.

The total of the finder's fee and interest attributable to the appeal period, then, is $674,194. Reducing this total by 40% ($269,678), results in net appellate costs of $404,516. This is

- 6 -

the amount of costs we find to be attributable to the period of time the case was on appeal, and the sum of $404,516 is hereby assessed against Republic and in favor of NATC as appellate costs.

DATE:     June 11, 2007

ENTER:    _____
          John F. Grady, United States District Judge